IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Lott a/k/a Mark Tillman Lott, ) | Civil Action No. 2:13-1491-RMG-WWD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Holly Scaturo, *SVPTP Director*, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff, proceeding pro se and in forma pauperis, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On February 11, 2014, Defendant filed a Motion for Summary Judgment. (Dkt. No. 34.) As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on February 14, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (Dkt. No. 35.) Plaintiff was specifically advised that if he failed to file a properly supported response, the Defendant's motion may be granted, thereby ending his case. (Dkt. No. 35.) Plaintiff's response was due on March 20, 2014. (See Dkt. No. 35.)

On or about February 19, 2014, Plaintiff filed a motion seeking "that all medical, behavior management commitment, all request written by or about [Plaintiff], and all relevant records be released to [Plaintiff]." (Dkt. No. 37 at 1.) Judge Hendricks denied Plaintiff's motion on February 24, 2014. (Dkt. No. 40.) On or about March 5, 2014, Plaintiff filed a Motion to Compel. (Dkt. No. 42.) On March 7, 2014, Judge Hendricks issued the following text order denying that motion:

TEXT ORDER denying 42 Motion to Compel. On or about March 5, 2014,

>Plaintiff filed the instant Motion to Compel. (Dkt. No. 42.) Plaintiff "ask[s that] the motion to compel be granted so [he] can properly prepare" a response to Defendants' Motion for Summary Judgment. (Dtk. No. 42 at 1 of 2.) However, Plaintiff did not attach any discovery requests to the instant motion; his motion therefore does not comply with Local Civil Rule 37.01(B). Accordingly, Plaintiff's motion is DENIED. AND IT IS SO ORDERED.

(Dkt. No. 43.)

On or about March 18, 2014, Plaintiff sought an extension of time within which to respond to Defendant's Motion for Summary Judgment. (Dkt. No. 45.) Judge Hendricks granted Plaintiff's motion, giving him until May 5, 2014, within which to file his response to the Defendant's motion. (See Dkt. No. 46.)

On or about April 22, 2014, Plaintiff filed a Motion to Appoint Counsel. (See Dkt. No. 48.) Judge Hendricks denied that motion on April 23, 2014. (Dkt. No. 49.) On or about April 24, 2014, Plaintiff filed a Motion captioned "Motion for Dismissal of Defendants Summary Judgment and Default on Defendants." (Dkt. No. 51.) In an order dated and filed May 13, 2014, Judge Hendricks stated,

>Plaintiff's motion seeking default and dismissal of Defendant's Motion for Summary Judgment is improper. Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default when a defendant "fail[s] to plead or otherwise defend." FED. R. CIV. P. 55(a). Defendant has answered and filed a Motion for Summary Judgment; Plaintiff is therefore not entitled to default.
>   Despite an extension of time, Plaintiff has not responded to the Motion for Summary Judgment, and it appears to the court that he wishes to abandon this action. Therefore,
>   IT IS ORDERED that the Plaintiff shall have through **June 2, 2014**, in which to file his response to the Motion for Summary Judgment. The Plaintiff is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v.*

> *Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

(Dkt. No. 52 at 1-2 of 2.)

On or about May 30, 2014, Plaintiff filed another Motion for Extension of Time. (See Dkt. No. 54.) On June 3, 2014, Judge Hendricks issued the following text order:

> TEXT ORDER GRANTING motion for extension of time to file response/reply 54 . The plaintiff also appears to have misidentified a request for discovery from the defendants as a motion for "directed verdict." Instead, it is clear from his motion that the plaintiff is seeking documentation and computer records. The plaintiff must seek such discovery from the defendants directly pursuant to the applicable rules of civil procedure. However, the time for such discovery has expired and a motion for summary judgment is pending. The plaintiff has not explained either his need for it or for the delay in the request. No additional time for discovery will be ordered. IT IS SO ORDERED.

(Dkt. No. 55.)

This case was reassigned to the undersigned on June 5, 2014. (See Dkt. No. 57; Dkt. No. 58.) On June 19, 2014, the undersigned issued an order stating, *inter alia*,

> Pursuant to Judge Hendricks' Order, Plaintiff is advised that his deadline for responding to Defendant's Motion for Summary Judgment is **July 2, 2014**. **NO FURTHER EXTENSIONS WILL BE GRANTED**. The Plaintiff is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

(Dkt. No. 59 at 2.)

Instead of responding to Defendant's Motion for Summary Judgment, Plaintiff filed a Motion "to Counterclaim Summary Judgment." (Dkt. No. 61.) In this motion, Plaintiff

states,

> The Plaintiff is unable to show or prove there is a genuine issue or problem due to the lack of discovery material. If the discovery material was provided the Plaintiff could show the court material to support his claim. Since Plaintiff cannot obtain the material he wishes therefore to submit this motion to counterclaim summary judgment.

(Dkt. No. 61 at 1 of 2.)

Of course, Plaintiff's Motion "to Counterclaim Summary Judgment" should be denied, as Plaintiff has not shown "that there is no genuine dispute as to any material fact and the [Plaintiff] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). And, to the extent Plaintiff seeks to utilize Rule 56(d) of the Federal Rules of Civil Procedure, that request should be also denied. Rule 56(d) provides,

> (d) **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). This provision of the Federal Rules "mandates that summary judgment be denied when the nonmovant 'has not had the opportunity to discover information that is essential to his opposition.'" Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014) (quoting Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006)). "Non-movants must generally file an affidavit or declaration before they can succeed on a 56(d) motion, or if not, non-movants must generally put the district court on notice as to

which specific facts are yet to be discovered." McCray, 741 F.3d at 484 (citing Nader v. Blair, 549 F.3d 953, 961 (4th Cir. 2008)). The Fourth Circuit "has long held that parties wishing to obtain additional discovery must 'specifically allege why the information sought would have been sufficient to create a genuine issue of material fact such that it would have defeated summary judgment.'" Works v. Colvin, 519 F. App'x 176, 183 (4th Cir. 2013) (quoting Strag v. Bd. of Trustees, 55 F.3d 943, 954 (4th Cir. 1995)). "[N]onmovants do not qualify for Rule 56(d) protection where they had the opportunity to discovery evidence but chose not to." McCray, 741 F.3d at 784 (citing Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 246 (4th Cir. 2002)).

Plaintiff is not entitled to the protection of Rule 56(d). Plaintiff states–in a conclusory fashion–that he could support his claim with discovery; Plaintiff has not "put the district court on notice as to which specific facts are yet to be discovered." McCray, 741 F.3d at 484. Moreover, as detailed above, Plaintiff filed several discovery motions, and Judge Hendricks denied those motions.

Notwithstanding the specific warnings and instructions as set forth in the Court's numerous previous orders, Plaintiff has not responded to the Defendant's Motion for Summary Judgment. Based on the foregoing, the undersigned finds that Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). Plaintiff is personally responsible for proceeding in a dilatory fashion; Plaintiff has a "drawn out history" of proceeding in a dilatory fashion in this case; and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has repeatedly failed to follow the Court's orders. Lopez, 669

F.2d at 920. Accordingly, it is recommended that this action be dismissed with prejudice. See FED. R. CIV. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).[1]

The parties are referred to the Notice Page attached hereto.

July 15, 2014  
Charleston, South Carolina

_____  
WALLACE W. DIXON  
UNITED STATES MAGISTRATE JUDGE

---

[1] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order.  See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).