IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mark Lott a/k/a Mark Tillman Lott, ) | |
| ) | Case No. 2:13-cv-1491-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Holly Scaturo, *SVPTP Director*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court dismiss the Plaintiff's action with prejudice for failure to respond to Defendant's Motion for Summary Judgment despite repeated warnings from the Magistrate Judge. (Dkt. No. 62). For the reasons stated below, the Court ADOPTS the R & R as the order of the Court and DISMISSES this action.

## I. Background

Plaintiff filed this action pursuant to Section 1983, claiming that the "no-contact/wing restriction" of the Sexually Violent Predator Treatment Program violates his constitutional rights. (Dkt. No. 1). Defendant filed a motion for summary judgment on February 11, 2014. (Dkt. No. 34). The Magistrate Judge issued a *Roseboro* Order three days later. (Dkt. No. 35). Instead of responding to Defendant's motion, Plaintiff filled a motion for "medical, behavioral management commitment, all request written by or about me, and all relevant records be released to me." (Dkt. No. 37). The Magistrate Judge ordered the Defendant to treat this motion as a discovery request and respond in accordance with the Federal Rules of Civil Procedure. (Dkt. No. 40). There is no evidence that Defendant failed to properly respond to this or any other discovery

1

request of Plaintiff. Plaintiff also filed a motion to compel, which was denied because Plaintiff failed to state what he wished the Court to compel. (Dkt. Nos. 42, 43).

Plaintiff received multiple extensions to respond to Defendant's Motion for Summary Judgment. (Dkt. Nos. 46, 52, 55). The Magistrate Judge warned him multiple times that a failure to respond to the Defendant's motion could result in dismissal. (Dkt. Nos. 35, 52, 59). Despite these warnings and the passage of over five months, Plaintiff has still failed to respond to the Defendant's motion for summary judgment. Instead, Plaintiff filed a "Motion to Counterclaim Summary Judgment" stating that Plaintiff "is unable to show or prove there is a genuine issue or problem due to lack of discovery material." (Dkt. No. 61).

Because Plaintiff has failed to respond to Defendant's motion despite repeated warnings, the Magistrate Judge recommends dismissing this action with prejudice pursuant to Rule 41(b). (Dkt. No. 62 at 5-6). To the extent that Plaintiff seeks relief under Rule 56(d), the Magistrate Judge recommends that the request be denied because Plaintiff has only stated in conclusory fashion that he could support his claim with discovery; he has not stated what discovery he seeks or explained how additional discovery could create genuine issue of material fact. (Dkt. No. 62 at 4-5). Plaintiff has filed an objection to the R & R, stating that "[t]here is a genuine issue and as stated before I cannot prove it for a lack of material." (Dkt. No. 65).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those

2

portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

### III. Discussion

Plaintiff does not dispute that he has failed to respond to Defendant's motion for summary judgment despite repeated warnings from the Magistrate Judge. (*See* Dkt. No. 65). However, he reiterates that he needs additional discovery to prove a genuine issue of material fact. (*Id.*). The Magistrate Judge is correct. To succeed on a Rule 56(d) request, a party must at least "put the district court on notice as to which specific facts are yet to be discovered." *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 484 (4th Cir. 2014). The Magistrate Judge has alerted Plaintiff to this requirement, yet Plaintiff has made no attempt to comply with it.

In response to an earlier motion, the Magistrate Judge noted that the time for discovery had passed, and that Plaintiff "has not explained either his need for [discovery] or for the delay in the request." (Dkt. No. 55). Thus, the Magistrate Judge did not order additional time for discovery. (*Id.*). Despite this prior ruling from the Magistrate Judge, Plaintiff later filed another motion that requested "discovery material" but failed to explain what discovery he sought or why he needed it. (Dkt. No. 61).

In his R & R, the Magistrate Judge clearly laid out the standard under Rule 56(d) and stated that Plaintiff was not entitled to Rule 56(d) protection because he stated "in a conclusory fashion—that he could support his claim with discovery; Plaintiff has not 'put the district court on notice as to which ***specific facts*** are yet to be discovered.'" (Dkt. No. 62 at 5) (emphasis added). Despite this explanation in the R & R, Plaintiff made no attempt in his objections to

3

explain what discovery he sought or what specific facts he thought he could prove with additional discovery. (*See* Dkt. No. 65). Instead, Plaintiff states in conclusory fashion that the Defendant is "holding back material in which they know I cannot only prove there is a genuine issue, but that here are also things which can cost them their job." (*Id.*) Plaintiff provides no insight as to what this "material" or what these "things" might be. He provides no indication as to what information he seeks. Therefore, the Magistrate Judge correctly found that he is not entitled to Rule 56(d) protection.

Despite warnings from the Magistrate Judge advising Plaintiff that this action would be subject to dismissal if he failed to respond to the Defendant's motion for summary judgment, Plaintiff has failed to respond. Accordingly, the Court agrees with the Magistrate Judge that Petitioner has satisfied all the criteria for dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors set forth in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).

Therefore, the District Court **ADOPTS** the Magistrate Judge's R & R, (Dkt. No. 62), as the order of the Court. Accordingly, this action is **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(b).

**AND IT IS SO ORDERED**

_____
Richard Mark Gergel
United States District Court Judge

July 22, 2014
Charleston, South Carolina

4